09-4056-ag
Ke v. Holder

BIA
DeFonzo, IJ
A098 740 697

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of July, two thousand ten.

PRESENT:
>> JOSÉ A. CABRANES,
>> RICHARD C. WESLEY,
>> DENNY CHIN,
>> *Circuit Judges*.

_____

HUANG ZHEN KE, a.k.a. WEN ZHEN KE,
>> *Petitioner*,

>> v.                                    09-4056-ag
>>                                       NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
>> *Respondent*.

_____

FOR PETITIONER:        Feng Li, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Luis E. Perez, Senior
                       Litigation Counsel, Juria L. Jones,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Huang Zhen Ke, a native and citizen of the People's Republic of China, seeks review of a September 11, 2009, order of the BIA affirming the January 16, 2008, decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huang Zhen Ke*, No. A098 740 697 (B.I.A. Sept. 11, 2009), *aff'g* No. A098 740 697 (Immig. Ct. N.Y. City Jan. 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse credibility determination. As the IJ noted: (1) although Ke testified that she never practiced Falun Gong in China, a

letter from her mother stated otherwise; (2) although Ke testified that she was introduced to Falun Gong in June 2005, a letter from her friend stated that she was introduced to Falun Gong in August 2005; (3) although Ke testified that she was released from detention because her mother paid the authorities, a letter from her friend stated that she was released because of her poor health; (4) although Ke testified, and stated in her application, that she had been arrested in China, she stated during her airport interview that she had never been arrested; and (5) in her application, Ke provided an address different from the one she claimed to have lived at while in hiding. Because these discrepancies were based on specific examples in the record, the agency was entitled to rely on these discrepancies to find Ke not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Furthermore, the IJ reasonably declined to credit Ke's explanations, as the explanations were not supported by the record. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

3

Accordingly, considering the totality of the circumstances and all relevant factors, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the only evidence of a threat to Ke's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Ke does not challenge the agency's denial of her CAT claim in her brief to this Court.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4